## Irvine's Estate.

*Executors and administrators—Trusts and trustees—Neglect of duty—Surcharge.*

Where testator appoints three executors with directions to collect the assets of the estate, to keep such assets reinvested in good securities, to make necessary disbursements from time to time, and to sell a particular piece of real estate named, and the executors assume the trust, apportion the duties among themselves, but do not act independently, but consult together so that all are in a general way familiar with the conduct of the entire business of the estate, and have full opportunity to know the actions of the others, they will be jointly liable for depreciation of the real estate directed to be sold which they never looked after, and made no attempt to sell, and they will also be jointly liable for moneys which were actually paid to the executors with which they have not charged themselves, or for moneys which they should have collected, but failed to collect.

Argued May 7, 1902. Appeal, No. 73, Jan. T., 1902, by Rachel I. Bachop, Guy C. Bachop, Rachel L. Briggs, Clara Irvine Myers, Letitia Dillabaugh, Louisa Johnson, May J. Bachop, Mary Irvine Givens, Marion Irvine Nobbs and W. J. Knupp, trustee and administrator of the estate of Guy C. Irvine, deceased, from decree of O. C. Warren Co., March T., 1898, No. 2, sustaining exceptions to report of auditor in estate of Guy C. Irvine, deceased. Before McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to report of William C. Neill, Esq., auditor. The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*W. W. Wilbur*, with him *W. J. Knupp* and *J. W. Wiggins*, for appellant.—A partial account filed by executors and confirmed is conclusive only as to the items of account contained therein : Fross's App., 105 Pa. 258 ; Robin's Est., 180 Pa. 630 ; Galloway's Est., 5 Pa. Superior Ct. 274 ; Norris's App., 71 Pa. 106.

The nonacting executors are not liable for the default of their coexecutor, but they are responsible for their own negli-

1902.]                    Arguments—Opinion of the Court.

gence and for permitting him to make default, because the loss resulted from a joint negligence where a joint duty was imposed: Stong's Estate, 160 Pa. 13; Fesmire's Est., 134 Pa. 67; DeHaven v. Williams, 80 Pa. 480; Wilson's App., 115 Pa. 95.

*D. I. Ball*, for appellees.—All that a court of equity requires from trustees, executors or administrators is common skill, common prudence and common caution. They are only liable in cases of gross or supine negligence : Konigmacher v. Kimmel. 1 P. & W. 207; Semple's Est., 189 Pa. 385; Bartol's Est., 182 Pa. 407; McNair's App., 4 Rawle, 148; Calhoun's Est., 6, Watts, 185; Landmesser's App., 126 Pa. 115; Webb's App. 165 Pa. 330.

Executors are not responsible for the acts and omissions of their associates : McNair's App., 4 Rawle, 148; Doebler v. Snavely, 5 Watts, 225; Geddis v. Irvine, 5 Pa. 508; Hall v. Boyd, 6 Pa. 267; Stell's App., 10 Pa. 152; Irwin's App., 35 Pa. 294; Young's App., 99 Pa. 74; Wilson's App., 115 Pa. 95; Fesmire's Est., 134 Pa. 67; Foulk v. Brown, 2 Watts, 209; McLean v. Findley, 2 P. & W. 97; Brock v. Savage, 31 Pa. 410; Strimpfler v. Roberts, 18 Pa. 283.

Presumptions as to payment and otherwise arise in favor of executors and administrators, as well as other persons : Commonwealth v. Snyder, 62 Pa., 153; Norris's App., 71 Pa. 106; Diemer v. Sechrist, 1 P. & W. 419; McLean v. Findley, 2 P. & W. 97; Chorpenning's App., 32 Pa. 315; Maulfair's App., 110 Pa. 402.

It is settled by numerous authorities, as one unvarying and unswerving rule, that an executor or trustee is not liable beyond what he actually received, unless in case of gross negligence : Konigmacher v. Kimmel, 1 P. & W. 207; Calhoun's Est., 6 Watts, 185; Hall v. Boyd, 6 Pa. 267; Stell's App., 10 Pa. 153; Irwin's App., 35 Pa. 294; Landmesser's App., 126 Pa. 115; Fesmire's Est., 134 Pa. 67; Webb's App., 165 Pa. 330; Myer v. Myer, 187 Pa. 247; Semple's Est., 189 Pa. 385.

*George A. Berry*, for Guy C. Irvine, 2d.

Opinion by Mr. Justice Potter, October 13, 1902:

This is an appeal from the decree of the orphans' court of

Warren county, overruling exceptions to the seventh partial account, and the eighth and final account, of the executors and trustees of the estate of Guy C. Irvine, deceased.

It appears from the record that the testator died in 1868. By his will he appointed three persons to act as executors and trustees. The persons named as such were R. Brown, Esq., who had been his attorney for years; G. N. Parmlee, a merchant and banker; and his nephew, G. C. Irvine, 2d, who was familiar with the lumber and manufacturing interests of the decedent. The peculiar qualifications of each of these gentlemen were well known to the testator, and it is evident that he desired his estate to have the benefit of their joint services, and united ability. They all promptly accepted the appointment, and entered upon the discharge of their duties on September 14, 1868. The executors seem to have apportioned the duties of their office among themselves. Mr. Brown naturally looked more particularly after matters needing legal attention; Mr. Parmlee was made custodian of the funds, and the accountant for the estate; while Mr. Irvine gave his attention to the active management of the mills and the lumber interests. In none of these matters does it appear that they acted independently, but they consulted with each other from time to time, so that all were in a general way familiar with the conduct of the entire business of the estate, and its administration was carried forward harmoniously, and under the joint management and control of all three.

They filed no account during a period of more than five years, and then on December 1, 1873, filed their first joint partial account. They failed, however, in this account to charge themselves with the amount of the inventory, but relied upon the plan of charging against themselves the proceeds of each separate item of the estate as it was converted into money. They filed a second partial account in 1878, a third in 1882, a fourth in 1887, and a fifth in 1892. These five accounts were all joint and covered a period of administration of some twenty-four years. On August 25, 1893, Mr. Brown died, and the next and sixth partial account filed at June term, 1896, while purporting to be the joint account of Brown, Irvine and Parmlee, was in reality filed by Parmlee and Irvine.

To none of these partial accounts were exceptions filed, but

to the seventh partial account, filed at March term, 1898, and to the eighth and final account, filed at June term, 1898, both being by Parmlee and Irvine as surviving executors, voluminous exceptions were filed.

These exceptions were referred to W. C. Neill, Esq., as auditor, who after taking a mass of testimony, and after long and patient investigation, filed his report recommending that George N. Parmlee, one of the surviving executors and trustees, be surcharged with the sum of $23,046.70, with interest and costs. This amount was made up of some fourteen different items, in each of which the auditor found there had been a failure to account for moneys actually collected, or which had been lost to the estate by negligence.

The learned court below disregarded the findings of facts by the auditor, and overruled his conclusions of law, and confirmed the accounts absolutely.

We cannot agree with the result thus reached. Our examination of the testimony convinces us that the auditor was fully warranted in every particular in which he found the executors were remiss in their duty. The items for which, according to the finding of the auditor a surcharge should be imposed, are based upon transactions which occurred during the joint administration of the estate by all three of the executors and trustees, and most of them arose during the early part of the administration. They consisted for the most part in the failure to account for moneys which were actually paid to the executors, or which should have been collected by them during the period covered by their first account. There is no question of bad faith or dishonesty in this case. Nothing more than laxity and inattention is involved; but the evidence as to this is overwhelming. It must be remembered that the executors were acting jointly. They were in constant contact, and the acts of each might easily have been known to the others by the exercise of reasonable diligence. Moneys were sometimes paid to one, and sometimes to another, but it was the intention in all cases, and the rule in most of the transactions, that all collections were to be reported to Mr. Parmlee as the accountant, and the proceeds turned over to him as custodian of the funds of the estate.

The learned court below in overruling the auditor takes up

a number of the items of the surcharge, and dismisses them with the statement that the amounts which they represent were paid to Mr. Brown, and that these surviving accountants are not therefore responsible to the estate. We cannot accept this view. The circumstances were such as made it the duty of all the executors to have known of any such discrepancies as were shown to exist. They were all bound to use diligence in protecting the estate against the careless or improper conduct of one of their number. The wise precaution of the decedent in providing for his estate the joint services of three men of special capacity, cannot be defeated by allowing them to escape responsibility by charging against each other the failure of duty which they were jointly and severally under obligations to perform.

As was said by Mr. Justice GORDON in Weldy's Appeal, 102 Pa. 461, " However it may be as to the responsibility of one executor who has passed the money of the estate over to his coexecutor, there is not now, and never has been, any difference of opinion as to their joint responsibility for a loss resulting from their joint negligence."

The largest single item for which the auditor found that the executors should be surcharged was for depreciation in the value of the real estate in New York, which the executors by the terms of the will were explicitly directed to sell. Yet this duty was wholly neglected. The auditor finds as a fact that none of the executors ever looked after this land, or made any attempt to sell it, or made any inquiry regarding it of the designated agent in charge, as directed in the will. No excuse is given for the plain disregard of the testator's direction in this respect, beyond the vague attempt to place the responsibility upon Mr. Brown.

The statement of the law by Judge SWARTZ, as affirmed by this court in Stong's Estate, 160 Pa. 15, is appropriate to the case in hand. He there says, " The accountant answers that he is excusable because the coexecutor had the custody of the papers and collected the interest; but this will not do, for by the will a joint duty is cast upon the executors, which they agreed to perform when they accepted the appointment. That a direction to invest in good real estate security for the life of Alice Dotts imposed a joint duty cannot be denied, and un-

der our authorities one executor could not relieve himself from all responsibility in the matter by intrusting the whole duty to his coexecutor."

In the present instance, here was a valuable asset of the estate, consisting of several hundred acres of land, in Erie county, New York, which the executors were positively directed to sell. Yet the testimony of Mr. Parmlee is that they never did sell it. He says he does not know why it was not sold; that he never saw it; that he never paid any taxes upon it; that he knows nothing about the title to the land. Such indifference concerning the affairs of the estate can hardly be considered as less than supine negligence, and fully justified the auditor in his finding. And so of all the other items of the surcharge. By the terms of the will the executors were charged with the specific duty of safeguarding and collecting the assets of the estate, and of keeping them reinvested in good securities, and with making the necessary disbursements from time to time. It was their clear duty to keep themselves informed of everything essential to the proper performance of their trust. Their joint liability was not lessened by reason of the division of duties among themselves. They were all on the ground, and within easy reach. Every circumstance connected with the management of the estate was open to all of them.

We find nothing in the evidence which justifies the disturbance of any of the auditor's findings of fact, with the exception of that portion of the fifth, which recites that Guy C. Irvine, 2d, took no active part in the business management of the estate. As we read the testimony, the fact in this respect is otherwise. His own evidence shows that he was quite familiar with the condition of the estate, and with the transaction of its business. He was not ignored in any way by his coexecutors, and he states that in so far as Mr. Parmlee was concerned, he does not know that he did any business without consulting either Mr. Brown or himself. Nowhere in Irvine's testimony does it appear that he disclaimed his connection with the management of the estate. On the contrary, he seems to have kept in touch with the progress of its affairs, and to have taken constant interest in the conduct of its business. Mr. Parmlee also testifies positively that Mr. Irvine was an active executor of

the estate. He joined in the filing of all the accounts, and in each of them he claimed compensation for his services to the estate. Executors or trustees have no right to accept office and its emoluments, and then neglect their duty. No sufficient reason appears for relieving Guy C. Irvine, 2d, from responsibility. We concur therefore in the conclusion first reached by the auditor, that both accountants should be surcharged with the losses occasioned by the negligence of the executors.

The decree of the court below is reversed, and the record is remitted, with instructions to surcharge the accountants with the sum of $23,046.70, with interest from June 20, 1901, and the costs of the audit in the court below, and of this appeal.