## Keenan's Estate

John J. Cahill, for petitioners; Harry M. Nofer, contra.

GEST, J., April 29, 1932.—Bernard Keenan died on April 16, 1922, leaving a will, of which Patrick P. Conway, William P. Tinney and John Baxter were executors. Their joint account was audited by Thompson, J., who filed his adjudication October 6, 1923, according to which Michael Keenan was entitled in distribution to $1743.51, and Kathleen McGovern to $336.21. The auditing judge directed a schedule of distribution to be filed, which, however, was not done until June 6, 1931, when it was approved by Sinkler, J., Judge Thompson having died. Michael Keenan and Kathleen McGovern were minors, residing in Ireland when the adjudication was filed, and the award was made to their guardians, when duly appointed and qualified. No guardians were ever appointed by this court, although petitions were executed in Ireland and received by Conway in January, 1924, praying for the appointment of one P. Alexander Dempsey, employed in Conway's office. Michael Keenan became of full age on February 10, 1929, and Kathleen McGovern on August 25, 1927. In the meantime, on October 30, 1925, John Baxter died, leaving a will, by which he devised his estate to his wife, and appointed Benjamin H. Renshaw as his executor, who has filed no account. Conway and Tinney are still living. On July 3, 1921, the court entered an order on Tinney, Conway and Benjamin H. Renshaw, executor of Baxter, to pay to Michael Keenan his award of $1743, and to Kathleen McGovern her award of $336.21. These petitions were afterwards presented by Tinney and Renshaw, executor of Baxter, to strike off these orders to pay, and demurrers were filed.

The facts may be briefly stated. On November 19, 1923, after the adjudication, the three executors, Conway, Baxter and Tinney, met in Conway's office, and all of them signed checks in payment of the awards made by the adjudication, the checks for the awards to Michael Keenan aggregating $1743.51, being drawn to the order of —————, guardian of the estate of Michael Keenan, a minor, and the checks for the awards to Kathleen McGovern, aggregating $336.21, being drawn to the order of —————, guardian of Kathleen McGovern, and the checks were left with Conway. These checks were paid on March 31, 1926, by the bank on which they were drawn, to Conway, who embezzled the money. The checks were returned by the bank to Conway, who either lost or destroyed them, so that it does not appear whether he inserted his own name as payee or the name of some other person; at all events, there is no doubt that he received the money and appropriated it to his own use.

The question of law arising on the admitted facts of the case is whether Tinney and Baxter were liable for the fraud committed by Conway.

We are of opinion that they were guilty of supine negligence in signing the checks in blank and leaving them with Conway, thus putting it in his power to

commit the fraud. They knew that the bank account was joint and that the checks had to be signed by all three executors; they knew that no guardian had been appointed for Michael Keenan or Kathleen McGovern, and yet they signed what were virtually blank checks for the amounts due to the minors. Baxter, moreover, was a lawyer of some experience in legal matters, and Tinney, though not a lawyer, may be presumed to be possessed of ordinary business intelligence. Their responsibility was joint, and they were jointly responsible for a loss resulting from their joint negligence. No lengthy discussion of the decisions seems to be necessary, but we refer to Irvine's Estate, 203 Pa. 602, Stong's Estate, 160 Pa. 13, Sprenkle's Appeal, 1 Walker 365, and Bickley's Estate, 13 Dist. R. 323. In the last case, an executor, having confidence in his coexecutor, a member of the bar then in good repute, signed checks on the bank account of the estate in blank, leaving them with the coexecutor to sign them and fill up the blanks. The coexecutor embezzled the money. The auditing judge held that this misplaced confidence did not justify the executor's neglect of duty, not only imposed on him by the testator, but required by law, and a proper recognition of his responsibility and duty towards the beneficiaries. Although Baxter is dead, yet his liability continued; his executor has filed no account, and we see no reason for excusing him or his estate. In our opinion, Patrick P. Conway, William P. Tinney and Benjamin H. Renshaw, as executor of John Baxter, deceased, are jointly and severally liable for the payment to Michael Keenan for the sum of $1743.51, and to Kathleen McGovern of the sum of $336.21, with interest from the confirmation of the executor's account, to wit, October 21, 1923.

The petitions to vacate the orders to pay are, therefore, dismissed.